**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 18, 2023

Christopher D. Loizides, Esquire
Loizides, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801

> RE: ***Fintech Consulting LLC v. TSR, Inc., et al.,***
> Civil Action No. 2023-0030-MTZ

Dear Counsel:

I write with regard to plaintiff Fintech Consulting LLC's Verified Complaint (the "Verified Complaint") filed on January 12, 2023.[1] Plaintiff also filed a motion to expedite,[2] which are all too common in this Court, and a motion to dismiss its own complaint, which is quite unusual.[3] The defendants in this action have not yet appeared.

Plaintiff seeks relief from a share purchase agreement ("SPA") by which Plaintiff purchased stock in defendant TSR, Inc. The SPA included a forum selection clause, which reads:

---

[1] Docket Item ("D.I.") 1 [hereinafter Compl.].

[2] D.I. 11.

[3] D.I. 14.

> Each of the Parties . . . irrevocably and unconditionally consents and submits itself and its properties and assets in any action, suit or proceeding arising out of or with respect to this Agreement and the transactions contemplated hereby to the exclusive general jurisdiction of the Court of Chancery of the State of Delaware and any state appellate court therefrom within the State of Delaware (or, if the Court of Chancery of the State of Delaware declines to accept jurisdiction over a particular matter, any federal court within the State of Delaware) (the "Chosen Courts") . . . .[4]

Plaintiff initially filed some version of its claims in New Jersey federal court. On December 7, 2022, that district court dismissed Plaintiff's complaint pursuant to the above forum selection clause. Weeks passed.

Then Plaintiff filed the Verified Complaint in this Court, asserting claims for common law fraud and violations of the Securities and Exchange Act of 1934 (the "Exchange Act"). Not one hour later, Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction, emphatic that this Court lacks subject matter jurisdiction over its Exchange Act claim.[5] Plaintiff seeks an order from this Court dismissing its Exchange Act claim so that it can refile in a federal forum, free and

---

[4] *Id.* at Ex. A § 5.11 (emphasis omitted).

[5] D.I. 14; *see* Compl. ¶ 3 ("Plaintiff's principal cause of action arises under section 10(b) of the Exchange Act of 1934 . . . and Securities and Exchange Commission Rule 10b-5 . . . over which United States District Courts have jurisdiction to the exclusion of state courts pursuant to Section 27 of the Exchange Act . . . ."); D.I. 11 ¶ 6 ("[T]he issue is not one about which reasonable minds could differ[,] [f]ederal law is crystal clear that the Federal Courts hold exclusive jurisdiction over claims arising under the 34 Act."); D.I. 14 at 6 ("[T]his Court must immediately dismiss that claim for lack of subject matter jurisdiction.").

clear of any affirmative defense based on the SPA's forum selection clause. Plaintiff demands that I schedule a hearing and resolve its motion to dismiss before February 1, 2023, so that it can refile before the statute of limitations runs on its claim.

I will not advise Plaintiff on the proper way to find a forum. This was not it.[6] Under Court of Chancery Rule 11, when a Delaware lawyer files a claim before this Court, that lawyer is certifying that to the best of her knowledge, information and belief, that claim is warranted.[7] But Plaintiff's counsel here knows and believes Plaintiff's claims are not warranted. In Plaintiff's view, it is "crystal clear" that this Court lacks jurisdiction over its claims—as Plaintiff put it, "the issue is not one about which reasonable minds could differ."[8]

Noncompliance with Rule 11 risks a referral to the Office of Disciplinary Counsel, or, if the proceedings are prejudiced, sanctions by this Court.[9] But as I

---

[6] Unfortunately, this is not the first time in recent history that a plaintiff has taken this self-sabotage approach to litigation. *See MXY Hldgs. LLC v. All Js Greenspace LLC*, C.A. No. 2022-0220-MTZ (Del. Ch.), D.I. 25 (letter to counsel regarding a plaintiff's request that I grant a motion to dismiss).

[7] Ct. Ch. R. 11(b).

[8] D.I. 11 ¶ 6.

[9] *See Crumplar v. Superior Ct. ex rel. New Castle Cnty.*, 56 A.3d 1000, 1010 (Del. 2012); *see also In re Abbott*, 925 A.2d 482, 486–87 (Del. 2007) (reasoning conduct violated Delaware Rules of Professional Conduct Rule 8.4 where it "caused a waste of judicial

read the Delaware Supreme Court's instructions in *Crumplar v. Superior Court ex rel. New Castle County*, trial courts are not to enforce the Delaware Rules of Professional Conduct, or the trial court's Rule 11, unless and until the attorney has engaged in conduct that "prejudices the fairness of the proceedings, such that it adversely affects the fair and efficient administration of justice."[10]  Given that the defendants have not yet appeared, I cannot conclude that the "fairness" of this action has been prejudiced.  And so, for now, I simply note that the Exchange Act claim never should have been filed here in the first place.

---

resources that otherwise would be devoted to the merits of other cases before the Superior Court").

[10] 56 A.3d 1000 (Del. 2012); *see also Appeal of Infotechnology, Inc.*, 582 A.2d 215, 216–17 (Del. 1990); Ct. Ch. R. 11(c).  Certainly, *Crumplar* prohibits a trial court from sanctioning counsel for a Rule 11 violation absent such prejudice and without due process.  The text of Rule 11(c)(1) also compels "notice and a reasonable opportunity to respond" before the Court can "determine[] that [Rule 11(b)] has been violated." Ct. Ch. R. 11(c).  And a conservative reading of *Crumplar* equates finding a violation with sanctioning. *Id.* at 1005 (considering the standard the trial court judge should have used to evaluate counsel's conduct "when deciding whether Rule 11 sanctions are appropriate"); *id.* at 1008 (equating "violat[ing] Rule 11's objective standard" with "fac[ing] Rule 11 sanctions"); *id.* at 1009–10 ("exten[ding]" *Infotechnology*'s restriction on trial courts "appl[ying]" the Rules of Professional Conduct to Rule 11); *id.* at 1011 (requiring heightened procedural protection when a trial judge "raise[s] Rule 11" sua sponte—not just Rule 11(c)(1)(B)); *id.* at 1012 (requiring an evidentiary hearing and argument "for trial judges to assess [attorneys'] credibility ***and*** impose Rule 11 sanctions" (emphasis added)).

"It is within the discretion of this Court to grant or deny an application to expedite proceedings."[11]  This Court has finite resources that are stretched thin to handle warranted suits.  I cannot allow those resources to be wasted by devoting them to hyper-expedited consideration of a claim Plaintiff knew was frivolous when filed.  Additionally, Plaintiff has not even attempted to argue that either claim is colorable, which is a required showing to receive expedited treatment: rather, he seeks expedition on the basis that his claim is frivolous.[12]  The Court will address Plaintiff's motion to dismiss in the ordinary course.  Plaintiff's motion to expedite is **DENIED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*

---

[11] *Corp. Prop. Assocs. 8, L.P. v. AmerSig Graphics, Inc.*, 1993 WL 499005, at *1 (Del. Ch. Nov. 17, 1993); *Ortsman v. Green*, 2007 WL 702475, at *2 (Del. Ch. Feb. 28, 2007) ("The court recognizes that there is no automatic right to expedition.").

[12] D.I. 11 at 2–3; *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994).